IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KARE M. DALEY,

        Plaintiff,

    v.

EGG HARBOR CITY, EGG HARBOR
POLICE DEPARTMENT and STEVEN
HADLEY,

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action No.
16-2654 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge:**

Plaintiff pro se Kare M. Daley ("Plaintiff") filed this 42 U.S.C. § 1983 suit alleging that he was falsely arrested and defamed by Defendants. Since Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1.    Plaintiff filed the instant Complaint with an application to proceed in forma paupuris. [Docket Item 1.] Because Plaintiff's application disclosed that he was indigent, the Court permitted the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915, and ordered the Clerk of Court to file the Complaint. [Docket Item 2.]

2.    Section 1915(e)(2)(B) requires the Court to screen the Complaint and to dismiss any claim that is frivolous or

malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The Court also has "a continuing obligation to assess its subject matter jurisdiction" and may "dismiss a suit sua sponte for lack of subject matter jurisdiction at any stage in the proceeding." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). The Court draws the facts of this case from the Complaint and, for the purposes of this screening, accepts the factual allegations as true.

    3.    The facts alleged in the Complaint can be summarized as follows. Plaintiff is an inmate at the Atlantic County Justice Facility in Mays Landing, New Jersey. [Docket Item 1 at 2.] In January 2011 and January 2012, he was arrested by Officer Steven Hadley for possession of a controlled dangerous substance ("CDS") and an open container of alcohol, which Plaintiff alleges Defendant Hadley, an Officer in the Egg Harbor City Police Department, had "placed" inside Plaintiff's vehicle. [Id. at 3.] According to the Complaint, Plaintiff was also arrested by Defendant Hadley on October 24, 2012 with N.J.S.A. § 2C:35-5A(1), Third Degree Manufacture/Distribution of CDS. [Id.] With respect to the latter arrest, Plaintiff alleges "I absolutely was not the person to sell anything to [the] undercover officer[.] These allegation[s] were false [and] illegal!" [Id.]

4.    Plaintiff also alleges that, in 2013, Defendant Hadley "propositioned [Plaintiff] to have 'sex' with him and when [Plaintiff] refused[,] he came to [Plaintiff's] job at Home Dept and screamed down the aisles 'Mr. Daley do you still sell drugs!'" [Id.] According to the Complaint, this caused Plaintiff to get fired from his job. [Id.] As relief, Plaintiff requests compensatory damages of $245,000. [Id. at 4.]

5.    The Court infers that Plaintiff is attempting to raise a false arrest claim under the Fourth Amendment against all Defendants and a state law claim of defamation against Defendant Hadley. For the reasons that follow, the Court finds that the Complaint fails to state a claim with respect to either cause of action.

6.    As an initial matter, the Court notes that, to the extent Plaintiff has been convicted of the charges for which he was arrested, he cannot seek damages under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Complaint, however, does not allege whether he was convicted in connection with his 2011-2012 arrest.

7.    More importantly, because the arrests referenced in the Complaint apparently occurred in 2011 and 2012, Plaintiff's

3

false arrest claims are barred by the relevant statute of limitations. This fact is plain from the Complaint itself. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). "Claims for false arrest . . . typically accrue on the date of the arrest . . . because, at that point, the plaintiff has reason to know of the injury." Ostuni v. Wa Wa's Mart, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)). Plaintiff filed the Complaint on April 24, 2016. [Docket Item 1 at 4.] Thus, Plaintiff's false arrest claims are barred by the two-year statute of limitations because all of his arrests occurred well before April 24, 2014 (i.e., two years before the Complaint was filed).

8.    Plaintiff's defamation claim is also barred by the relevant statute of limitations, as New Jersey law requires all defamation claims to be brought "within 1 year next after the publication of the alleged libel or slander." N.J. Stat. Ann. § 2A:14-3. Again, Plaintiff filed this Complaint on April 24, 2016. [Docket Item 1 at 4.] According to the Complaint, Defendant Hadley's allegedly defamatory statements at Plaintiff's place of employment were made sometime in 2013.

4

Thus, Plaintiff's defamation claim is also barred by the relevant statute of limitations, which expired in 2014.

9.    In sum, and for the foregoing reasons, the Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Because amendment would be futile, as the relevant statutes of limitations barred all of Plaintiff's claims before this Complaint was filed, dismissal will be with prejudice. An accompanying Order shall be entered.


**11/21/2018**                    **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge